# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1239 | **DATE** | April 3, 2008 |
| **CASE TITLE** | Larry Roberson (#2007-0056458) v. Dr. A. Dunlap | | |

**DOCKET ENTRY TEXT:**

Plaintiff Larry Roberson's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of confinement to deduct $11.00 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The clerk is directed to issue summons for defendant Dr. A. Dunlap, and the United States Marshals Service is appointed to serve this defendant. Tom Dart and Cermak Medical Center are dismissed as defendants. Plaintiff's motion for the appointment of counsel [4] is denied. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

# STATEMENT

Plaintiff, Larry Roberson (#2007-0056458), an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. A. Dunlap, Sheriff Tom Dart, and Cermak Health Center. Plaintiff alleges that he has not received proper treatment for his medical conditions since he arrived at Cook County Jail in July 2007.

The Court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $11.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Accepting the allegations in plaintiff's complaint as true, the court finds that the complaint states a colorable cause of action against Dr. A. Dunlap. Although a more developed record may show that plaintiff's claims are without merit, defendant Dr. Dunlap must respond to the allegations in the complaint. However, the complaint's allegations seeking to hold Tom Dart liable for his supervisory role as sheriff fail to state a claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Also, Cermak Health Center is not a suable entity, and is thus not a proper party to this suit. *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). Accordingly, Tom Dart and Cermak Health Care are dismissed as defendants.

The clerk shall issue summonses for service of the complaint on Dr. A. Dunlap. The clerk shall also send to plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Dr. A. Dunlap. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant, or to defendant's counsel if an attorney enters an appearance on behalf of defendant. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

*[signature: Marvin E. Aspen]*