UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY ROBERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1239 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Marvin E. Aspen |
| CERMAK HEALTH CENTER, | ) | |
| DR. DUNLOP, and THOMAS DART, | ) | |
| COOK COUNTY SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, Cermak Health Center, Dr. Dunlop and Thomas Dart, Cook County Sheriff, through their attorney Richard A. Devine, through his assistant, Steven L. Satter, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP), state as follows:

**INTRODUCTION**

Pro se Plaintiff, Larry Roberson, brings this action alleging that Dr. Dunlop, failed to properly diagnose him while Plaintiff was a detainee at the Cook County Department of Corrections. Plaintiff alleges that as a result of Mr. Trammel's failure to properly treat him and as a result that he suffers from pain and is in danger of for his life.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Supreme Court reaffirmed the "liberal system of notice pleading"

in civil rights actions brought under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1163 (1993). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim…" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, it should be noted that "litigants" may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## I. PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM SUFFICIENT AGAINST DEFENDANT DUNLOP

Defendant Dunlop is employed by Cermak Hospital as a doctor. Plaintiff's complaint contains absolutely no viable allegations of wrongdoing with respect to Dr. Dunlop. Plaintiff cannot show that plaintiff had a serious medical need and that Dr. Dunlop consciously disregarded that need. In order to maintain this cause of action plaintiff must show that Dr. Dunlop personally violated the due process requirements of the Fourteenth Amendment to the Constitution by conduct demonstrating "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. at 104. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

Plaintiff is required "to prove that each individual defendant subjectively knew that [Plaintiff] was at substantial risk of [harm] *and* that each individual defendant intentionally

disregarded that risk." *Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003)(emphasis in original).

Plaintiff must show that Dr. Dunlop was personally aware of the his medical needs, that he realized that these medical needs posed a substantial risk of serious harm, that Trammel knew the treatment was inadequate, and that each Dunlop was deliberately indifferent to the Plaintiff's obvious suffering. Plaintiff's claim fails to show Trammel intentionally meant to harm him or acted recklessly in a criminal sense. Surely, based on the allegations set forth in plaintiff's pro se complaint, Mr. Dunlop conduct was not reckless in the criminal sense. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff, in his complaint, alleges that Defendant's disregard for plaintiff's health and safety subjected plaintiff to an additional risk of harm. Officials can only be held deliberately indifferent if they intentionally deny or delay access to medical care or interfere with treatment once prescribed. *Estelle*, 429 U.S. at 104-105.

The 7th Circuit has clearly held that there is a distinction between 'deliberate indifference to serious medical needs' of prisoners, and 'negligence in diagnosing or treating a medical condition' of prisoners. *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996); see also *Estelle*, 429 U.S. at 106; *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Even if a medical officer's actions are below the normal standard of care for the particular malady, merely negligent care does not rise to the level of an Eight Amendment Violation. *Steele*, 82 F.3d 175 at 178, citing, *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); see also *Gutierrez v. Peters*, et al., 111 F.3d 1364, 1374 (7th Cir. 1997). Plaintiff has failed to allege any action or inaction on Dr. Dunlop's behalf that is sufficient to evidence deliberate indifference.

## **CONCLUSION**

WHEREFORE, for the above reasons and those stated in the Motion and Memorandum of Law, Defendants, respectfully requests that this Honorable Court grant this Motion to Dismiss Plaintiff's Complaint with fees and costs and such further relief as this court deems just.

                                          Respectfully submitted,
                                          State's Attorney of Cook County

By:    /s/ Steven L. Satter
        Steven L. Satter
        Assistant State's Attorney

Steven L. Satter
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
(312) 603-5105
ARDC #6243813